IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.

CURTIS LASHAWN DUCK,

      Defendant.
_____

Criminal Action

No. 02-19 E

    Transcript of proceedings on February 10, 2003,
United States District Court, Erie, Pennsylvania,
before Maurice B. Cohill, Jr., District Judge

APPEARANCES:

For the Government:        Christian Trabold, Esq.

For the Defendant:        Stephen Misko, Esq.

Court Reporter:        Richard T. Ford, RMR, CRR
                        1023-B U.S. Courthouse
                        Pittsburgh, PA 15219
                        (412) 261-0802

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

1          (Proceedings held in open court; February 10, 2003).

2              THE COURT:  As I understand it, Mr. Misko, your

3      client has indicated a desire to plead guilty to Count 1 of

4      the indictment that was filed here?

5              MR. MISKO:  Yes, Your Honor.

6              THE COURT:  Before accepting a guilty plea there

7      are a number of questions that I am going to want to ask you,

8      Mr. Duck, to assure that this is a valid plea.  If you don't

9      understand any of my questions or at any time wish to consult

10     with Mr. Misko, please say so, because it's essential to a

11     valid plea that you understand each question before you answer

12     it.  Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  You have to say yes or no so he can

15     write it down.

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Will you administer the oath, please.

18     Would you stand and be sworn, please.

19         (Defendant duly sworn).

20             THE COURT:  Do you understand that now that you

21     have been sworn and that your answers to my questions are

22     being given under oath, that you will be subject to the

23     penalties of perjury or of making a false statement if you do

24     not answer truthfully?

25             THE DEFENDANT:  Yes, Your Honor.

1        THE COURT:  Will you state your full name for the

2   record, please.

3        THE DEFENDANT:  Curtis Lashawn Duck.

4        THE COURT:  What is your date of birth?

5        THE DEFENDANT:  7/9/73.

6        THE COURT:  What's your address?

7        THE DEFENDANT:  5149 Henderson Road.

8        THE COURT:  Erie?

9        THE DEFENDANT:  Yes.

10        THE COURT:  How far did you go in school?

11        THE DEFENDANT:  12th grade.

12        THE COURT:  Mr. Misko, have you been able to

13   communicate with Mr. Duck in the sense that you believe he

14   understands you and you understand him?

15        MR. MISKO:  Yes, Your Honor.

16        THE COURT:  Mr. Duck, are you currently or have you

17   recently been under the care of a physician or psychiatrist?

18        THE DEFENDANT:  No, Your Honor.

19        THE COURT:  Have you been hospitalized or treated

20   for narcotics addiction?

21        THE DEFENDANT:  No, Your Honor.

22        THE COURT:  Have you been hospitalized or treated

23   for alcohol abuse?

24        THE DEFENDANT:  No, Your Honor.

25        THE COURT:  Have you been hospitalized or treated

1   for any sort of mental illness?

2            THE DEFENDANT:  No, Your Honor.

3            THE COURT:  Are you under the influence of any

4   narcotic drug, medicine, pills, or alcoholic beverage today?

5            THE DEFENDANT:  No, Your Honor.

6            THE COURT:  Have you taken any drugs, medicine, or

7   pills or drunk any alcoholic beverages in the past 24 hours?

8            THE DEFENDANT:  No, Your Honor.

9            THE COURT:  How do you feel physically and mentally

10  right now?

11           THE DEFENDANT:  I'm in good condition.  I feel all

12  right.

13           THE COURT:  Tell me again.

14           THE DEFENDANT:  I feel fine, Your Honor.

15           THE COURT:  Do you clearly understand exactly

16  what's happening here?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Do either of you attorneys have any

19  doubt as to the Defendant's competence to plead at this time?

20           MR. TRABOLD:  No, Your Honor.

21           MR. MISKO:  No, Your Honor.

22           THE COURT:  Based on the answers to the foregoing

23  questions we find that the Defendant is competent to plea.

24           Have you had an ample opportunity to discuss your

25  case with Mr. Misko?

1           THE DEFENDANT:  Yes, Your Honor.

2           THE COURT:  Have you told him all of the facts in

3    connection with the charges?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  Are you satisfied with the job that

6    he's done for you?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  Mr. Trabold, Mr. Misko, and Mr. Duck,

9    maybe it would be easier if you folks all came forward.

10          I want to go over with you now just what your

11   constitutional rights would be if this case were to go to

12   trial, Mr. Duck.  Do you understand that under the

13   Constitution and laws of the United States you are entitled to

14   a speedy and public trial by a jury on the charges contained

15   in the indictment?

16          THE DEFENDANT:  (Defendant nods head).

17          THE COURT:  You have to say yes or no.

18          MR. TRABOLD:  You have to say yes or no.

19          THE DEFENDANT:  No.

20       (Defendant and his counsel confer off the record).

21          THE DEFENDANT:  Yes, I understand.

22          THE COURT:  Do you understand you have a right to

23   an attorney at every stage of the proceedings in your case and

24   if at any time you can't afford an attorney, one will be

25   provided for you without charge?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that at your trial

3     you would be presumed to be innocent and the Government would

4     be required to prove you guilty by competent evidence and

5     beyond a reasonable doubt to the satisfaction of the judge and

6     the unanimous jury?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Do you understand that being presumed

9     to be innocent means that you would not have to prove that you

10    were innocent?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Do you understand that at the trial the

13    witnesses for the Government would have to come to court and

14    testify in your presence; and your attorney or you could

15    cross-examine the witnesses for the Government, object to

16    evidence offered by the Government, and offer evidence on your

17    behalf?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Do you understand that at the trial you

20    would be entitled to compulsory process to call witnesses;

21    that is, you could subpoena witnesses and compel them to come

22    to court to testify for you?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Do you understand that at the trial you

25    would have the right to testify, if you chose to do so, but

1    you would also have the right not to testify; and no inference

2    or suggestion of guilt could be drawn from the fact you did

3    not testify?

4         THE DEFENDANT:  Yes, Your Honor.

5         THE COURT:  If you do enter a plea of guilty today,

6    do you understand that you will be waiving your right to a

7    trial and the other rights that I have just described, there

8    will not be a trial of any kind, and I will enter a judgment

9    of guilty and sentence you on the basis of your guilty plea

10   after considering a presentence report?

11        THE DEFENDANT:  Yes, Your Honor.

12        THE COURT:  If you do enter a plea of guilty today,

13   do you understand that you will also have to waive your right

14   not to incriminate yourself since I will ask you questions

15   about what you did in order to satisfy myself that you are

16   guilty, and you will have to acknowledge your guilt on the

17   record?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  Do you understand that any statements

20   regarding the offense you may have made to the US Attorney

21   during the course of any plea negotiations could not be used

22   against you in a trial of this case?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE COURT:  Having discussed these rights with you,

25   is it still your wish to enter a plea of guilty this morning?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  And you have received a copy of the

3    indictment here?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Have you gone over that with Mr. Misko?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  I am not going to read -- as I

8    understand it, it's the first count to which he is going to

9    plead, Mr. Misko?

10             MR. MISKO:  Yes, Your Honor.

11             THE COURT:  I am not going to read the whole thing

12   to you, it is about three pages -- more than that, it is about

13   four or five pages long.  But in this case generally you are

14   charged with conspiring to steal mail from a mail truck, then

15   later on using various, three women, Annette Lucas, Maranda

16   Bishop, and Twanda Davis -- and Erica Dunston too, I guess --

17   in an attempt to cash these checks using false identification.

18   That's the general charge.  Do you understand that?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  And you have been over that with

21   Mr. Misko?

22             THE DEFENDANT:  Yes.

23             MR. MISKO:  Yes, Your Honor.  Just for the record,

24   we have reviewed this, and according to Paragraphs A, C, and E

25   of the indictment, Mr. Duck is alleged to have known that --

1    is alleged to have come into possession of stolen mail and

2    driven two of the co-Defendants to various locations.

3            THE COURT:  You agree that's a fair statement of

4    what happened here?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Now I want to go over just what it is

7    the Government would have to prove had this case gone to

8    trial, Mr. Duck.  They are what are called elements of an

9    offense.  In any criminal case the Government has to prove

10   so-called elements.

11           The elements of a conspiracy the Government would

12   have to prove are these:  First, that you and at least one

13   other person knowingly and willfully agreed or conspired,

14   either expressly or tacitly, to commit the offenses against

15   the laws of the United States that are described in the

16   indictment.  That is, to falsely make or forge any endorsement

17   or signature on a treasury check or bond or security of the

18   United States and/or pass, utter, or publish any treasury

19   check or bond or security of the United States bearing a false

20   or forged endorsement or signature, and/or to possess stolen

21   mail.  That's the first element they would have to prove.  Do

22   you understand that?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Secondly, they would have to prove that

25   it was part of the agreement or conspiracy to carry out or

1  commit the offenses described in the indictment as objectives

2  of the conspiracy.

3          Third, that you willfully became a member of the

4  conspiracy.

5          Fourth, that at least one of the coconspirators

6  thereafter knowingly committed at least one overt act in

7  furtherance of the conspiracy.  And there is a whole list of

8  overt acts in Count 1 of the indictment.

9          And, fifth, that such overt act was knowingly done

10  in furtherance of some object or purpose of the conspiracy.

11          That's what the Government would have to prove to

12  get a conviction on conspiracy.  Do you understand that?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Now, I want to go over with you the

15  possible punishments here.

16          There are two kinds of punishments that we have to

17  be concerned about.  First of all are what the United States

18  Criminal Code says; then, secondly, what the so-called

19  sentencing guidelines say.

20          Now, the statute says this:  It calls for --

21  conspiracy of the nature described in this indictment calls

22  for a term of imprisonment of not more than five years; a fine

23  not to exceed $250,000; and a term of supervised release of at

24  least three years.

25          And, in addition to that, a maximum fine of not

 1  more than $250,000 or twice the amount that someone was caused

 2  to lose as a result of this action.  So, in other words, you

 3  can be ordered to repay anybody that lost money as a result of

 4  this conspiracy.  You can also be fined twice that amount.  Do

 5  you understand that?

 6          THE DEFENDANT:  Yes, Your Honor.

 7          THE COURT:  Now, in that conspiracy, you might

 8  remember when I was reading to you what the elements are, the

 9  statute talks about that you entered the -- that the person

10  being charged entered the conspiracy knowingly and willfully.

11  Those are important words in the eyes of the law.

12          First of all, the term "knowingly" means to act

13  voluntarily and deliberately, rather than by mistake or

14  inadvertence.  Do you understand that?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  And an act is said to be done willfully

17  in the law if it's done voluntarily and intentionally and with

18  specific intent to do something that the law forbids.  That is

19  to say with bad purpose either to disobey or disregard the

20  law.  Do you understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And a criminal conspiracy is said to be

23  an agreement or a mutual understanding knowingly made or

24  knowingly entered into by at least two people to violate the

25  law by some joint or common plan.  So a conspiracy is said to

1   be in a very true sense a partnership in crime.

2           A conspiracy or agreement to violate the law, like

3   any other kind of agreement or understanding, need not be

4   formal or written or expressed directly in every detail.  Do

5   you understand that?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  Now, in order to prove conspiracy, the

8   Government would have to prove that you knowingly and

9   willfully arrived at some type of agreement or understanding

10  that you and at least one other person would commit an offense

11  against the United States by some plan or common plan or

12  course of action.  And in order to establish your membership

13  in such a conspiracy, the Government would have to prove

14  beyond a reasonable doubt that you knew the purpose or goal of

15  the agreement, intending in some way to accomplish the goal or

16  purpose of this common plan or joint action.

17          Merely associating with others and discussing

18  common goals, mere similarity of conduct between or among such

19  persons, merely being present at a place where a crime takes

20  place or is discussed, or even knowing about criminal conduct

21  does not of itself make someone a member of the conspiracy or

22  a conspirator.  Do you understand that?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  You believe you do understand the

25  nature of the offense and what the Government would have to

1  prove?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Now, as I started to say before, we

4  also have to concern ourselves with the so-called sentencing

5  guidelines.  Have you and Mr. Misko talked about how the

6  guidelines might apply in your case?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Do you understand that I won't be able

9  to determine the guideline sentence for your case until after

10  a presentence report has been completed and you and the

11  Government have had an opportunity to challenge any facts that

12  you might disagree with that are reported by the probation

13  officer?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Do you understand that the sentence

16  might be different from what either your attorney or the

17  United States Attorney predicted?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Do you understand that after it has

20  been determined what guideline applies in a case, the Judge

21  has the authority, in some circumstances, to impose a sentence

22  that's more severe or less severe than the sentence called for

23  by the guidelines?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Do you understand that under some

1   circumstances you or the Government may have the right to

2   appeal any sentence that I might impose?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Do you understand that parole has been

5   abolished; and if you are sentenced to prison, you will not be

6   released on parole?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Mr. Duck, has anyone threatened you or

9   anyone else or forced you in any way to indicate you want to

10  plead guilty in this case?

11           THE DEFENDANT:  No, Your Honor.

12           THE COURT:  Maybe Mr. Misko and Mr. Trabold can

13  answer this.  Has he made any confession or admissions to the

14  police or other representatives of the Government concerning

15  this matter?

16           MR. TRABOLD:  He did make a statement to the

17  police.  Whether it's a confession or not I guess is arguable.

18  But he did make a statement.

19           THE COURT:  If for any reason you feel that any

20  statement you made was not freely and voluntarily made, you

21  would have the right to have the Court conduct what's

22  sometimes called a suppression hearing prior to trial and have

23  me determine if the confession or statement was freely and

24  voluntarily made.  Would you want me to conduct a hearing like

25  that?

1              THE DEFENDANT:  No, Your Honor.

2              THE COURT:  And I take it there has been a plea

3    agreement entered into, Mr. Trabold?

4              MR. TRABOLD:  Correct, Your Honor.

5              THE COURT:  I am going to ask Mr. Trabold to tell

6    me what's in that plea agreement.  I want you to listen

7    carefully because then I will ask you and Mr. Misko if you

8    agree that what he says is in there.

9              MR. TRABOLD:  Your Honor, I have marked the plea

10   agreement as Government Exhibit 1.  It indicates that Mr. Duck

11   will plead guilty to Count 1 of the indictment and accept

12   responsibility for his conduct at Count 7.  In exchange, the

13   Government will agree to recommend the dismissal of Count 7

14   after Mr. Duck has been sentenced at Count 1.

15             Additionally, the Government agrees to recommend a

16   reduction of two levels in offense level for acceptance of

17   responsibility.

18             Additionally, Your Honor, although it is not

19   written in the plea agreement, the Government in this case has

20   no objection to Mr. Duck being placed in the same position

21   with regard to offense level that the female co-Defendants

22   were placed in this case, which I believe was either a 6 or a

23   5 prior to being accorded the two points for acceptance.

24             Beyond that, I would just move for Government's 1

25   to be admitted, noting that counsel and Mr. Duck have signed

1    it.

2           THE COURT:  We will admit the agreement as

3    Government Exhibit 1.

4           Is there any restitution to be made here or has

5    that been computed?

6           MR. TRABOLD:  I haven't computed the restitution.

7    I don't know if he owes restitution or not, to be honest with

8    you, whether there was any actual loss or not, I am not sure.

9           THE COURT:  Do you understand even though that

10   hasn't been computed if it turns out someone did lose money

11   from all of this, you and the other Defendants can be required

12   to make restitution; do you understand that?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Mr. Duck, has anyone made any

15   representation or promise other than what's in that plea

16   agreement that induced you to plead guilty?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  It is very important that I have been

19   told all the relevant bargaining that's taken place because I

20   want to guard against any possible misunderstanding of the

21   terms of the plea bargain.  Is there any representation made

22   by the United States Attorney that's not absolutely clear in

23   your mind?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Do you understand that any

1    recommendation or sentence agreed to by your lawyer and the

2    prosecution or any agreement by the Government not to oppose

3    your attorney's requested sentence is not binding on me and

4    you might on the basis of your guilty plea receive up to the

5    maximum sentence permitted by law?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  Do you understand that if I choose not

8    to impose a sentence that might be recommended by the

9    prosecutor or by your lawyer and impose a more severe

10   sentence, you will not, therefore, be entitled to withdraw

11   your guilty plea?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Has anyone made any prediction or

14   promise to you as to what your sentence will be?

15           THE DEFENDANT:  No, Your Honor.

16           THE COURT:  Have any out of court promises,

17   representations, or agreements been made which require you to

18   respond untruthfully to any of my questions?  For instance,

19   has anyone told you to tell me that no promise of leniency was

20   made when in fact a promise was so made?

21           THE DEFENDANT:  No, Your Honor.

22           THE COURT:  Do you understand that you may not at a

23   later date after today claim that there were any promises,

24   representations, agreements, understandings, or threats made

25   by any person that motivated or caused you to enter this plea

1    other than those that you had the opportunity to tell me about

2    here and now in open court?

3                    THE DEFENDANT:  Yes, Your Honor.

4                    THE COURT:  Has anyone promised or predicted

5    leniency with respect to any sentence that I may impose?

6                    THE DEFENDANT:  No, Your Honor.

7                    THE COURT:  This is very important because if

8    anyone has predicted or promised leniency, I am putting you on

9    notice right now that any representation they may have made is

10   not binding on me and I will sentence you according to my own

11   conscience and following the law.  Do you completely

12   understand this?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  What made you decide to plead guilty,

15   Mr. Duck?

16                   THE DEFENDANT:  Actually the reason I pleaded

17   guilty is because I didn't want to take it to trial and get

18   found guilty and have a longer term of sentence or whatever

19   may have --

20                   THE COURT:  But you do admit being involved in what

21   the indictment charges you with?

22                   THE DEFENDANT:  Yes.

23                   THE COURT:  Is that right?

24                   THE DEFENDANT:  Yes.

25                   THE COURT:  I am going to ask Mr. Trabold to tell

1  me just what it is the Government would expect to be able to

2  prove here, then again I want you to listen carefully to what

3  he says because then I will ask you if you agree with his

4  statement.

5           MR. TRABOLD:  Your Honor, if this case were to go

6  to trial, the Government's evidence would be that on

7  August 31st, 2001, Mr. Duck came into the possession of

8  several United States Treasury checks which had earlier that

9  day been stolen from a US postal vehicle which was parked at

10 the corner of East 11th and Ash Streets in the City of Erie.

11          One of the checks Mr. Duck came into the possession

12 of was a US Treasury check payable to a Julie Mosakowski,

13 M-O-S-A-K-O-W-S-K-I, made out in the sum of $856.

14          Beyond being in possession of those several stolen

15 US Treasury checks, the evidence would be that on August 31st

16 and/or September 1st of 2001, Mr. Duck drove his

17 co-Defendants, Tracy Steele and Erica Dunston, around the City

18 of Erie, knowing at the time that it was their intent,

19 Mr. Steele and Ms. Dunston's intent, to attempt to cash

20 several stolen US Treasury checks.

21          Specifically, Mr. Duck drove Dunston and Steele to

22 the Quick Cash on State Street for the purpose of Ms. Dunston

23 obtaining a fraudulent identification card so she could cash a

24 stolen US Treasury check.  Mr. Duck then drove Mr. Steele and

25 Ms. Dunston to another business establishment for the purpose

1    of Ms. Dunston cashing that check.

2              Part of the Government's evidence would be a

3    videotaped statement taken from Mr. Duck wherein he admits

4    that he was the driver of the vehicle Mr. Steele and

5    Ms. Dunston were in; however, he denies knowing anything about

6    what their purpose was in being driven around.  However, he

7    does indicate that he was there and present at the time that

8    these things occurred.

9              THE COURT:  Is that a fair statement of what

10   happened here, Mr. Duck?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Do you agree -- is that consistent with

13   your understanding, Mr. Misko?

14             MR. MISKO:  Yes, Your Honor.

15             THE COURT:  I don't know if I mentioned -- we

16   talked about a possible fine and restitution, if any money is

17   owing, but in addition to that, the Court has to impose a $100

18   special assessment, and the Court can't waive that.  Do you

19   understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Okay.  And reviewing all of these

22   things we discussed here today, Mr. Duck, is it still your

23   wish to enter a plea of guilty on Count 1 and waive your right

24   to a trial by jury?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:    Mr. Misko, over what period of time

2    have you consulted with Mr. Duck?

3          MR. MISKO:    Your Honor, we have had discussions at

4    least within the last ten to eleven months.

5          THE COURT:    From the facts that he has told you, do

6    you concur in his plea of guilty?

7          MR. MISKO:    Yes, Your Honor.

8          THE COURT:    Do you know of any reason he should not

9    plead guilty?

10          MR. MISKO:    No, Your Honor.

11          THE COURT:    Mr. Duck, do you have any question to

12    ask me?

13          THE DEFENDANT:    No, Your Honor.

14          THE COURT:    Well, since you do acknowledge that you

15    are in fact guilty as charged in Count 1 and based on our

16    discussion today, I find that you know your right to trial,

17    what the maximum possible punishment is, and that you are

18    voluntarily pleading guilty.  I will accept your guilty plea

19    and enter a judgment of guilty on your plea.

20          We will ask you to sign the endorsement that

21    Ms. Burkoff is giving you.

22          We note Mr. Duck and Mr. Misko have signed the

23    endorsement indicating today that he is withdrawing his plea

24    of not guilty previously entered and is now pleading guilty.

25          I am ordering a presentence report, Mr. Duck.

1    That's one of the probation officers who will be talking to
2    you.  And what's in that report is going to be important as to
3    what the sentence will be.  So I urge you to cooperate with
4    him.
5                I have been given a sentencing date of June 11th at
6    9 o'clock in this courtroom.  June 11th at 9 o'clock.  That's
7    the sentencing date.
8                Does the Government have any objection to present
9    bond being continued?
10               MR. TRABOLD:  No, Your Honor.
11               THE COURT:  So you are released today on the same
12   terms and conditions that you have been under since you were
13   arraigned.  Do you understand that?
14               THE DEFENDANT:  Yes, Your Honor.
15               THE COURT:  Okay.  Court's in recess until
16   June 11th.
17               MR. MISKO:  Thank you, Your Honor.
18           (Record closed).
19
20                    C E R T I F I C A T E
21               I, Richard T. Ford, certify that the foregoing
22   is a correct transcript from the record of proceedings in the
23   above-titled matter.
24   _____
25   Richard T. Ford