1

1       IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2

_____

3

UNITED STATES OF AMERICA

4

        Plaintiff

5

  vs.    Criminal Action No. 02-19E

6

CURTIS LESHAWN DUCK

7

        Defendant

8 _____

9

      PROCEEDINGS

10

    Transcript of Sentence commencing on Monday,

11  June 9, 2003, United States District Court, Erie,
Pennsylvania, before Honorable Maurice B. Cohill, Jr.,

12  District Judge.

13  APPEARANCES:

14  For the Government:    US Attorney's Office
                  By: Christian Trabold, Esq.

15

  For the Defendant:    Stephen M. Misko, Esq.

16

17          Reported by:
        Michael D. Powers, RMR

18         Official Court Reporter
     Room 5335 USPO & Courthouse

19       Pittsburgh, Pennsylvania 15219
        (412) 208-7572

20

21

22  Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

23

24

25

2

1            P R O C E E D I N G S

2  (Court convened on Monday, June 9, 2003, at 2:40 p.m.)

3           THE COURT:  Good afternoon.  Be seated, please.

4           MR. MISKO:  Good afternoon, Your Honor.

5           MR. TRABOLD:  Good afternoon, Your Honor.

6           THE COURT:  This is the time set for the sentencing

7  of Curtis LeShawn Duck.  And we notice that Mr. Duck and

8  Mr. Misko, his attorney, have signed the notice indicating

9  they received and reviewed the presentence report.  I will

10  make that part of the record under seal.

11           Of course, if an appeal should be taken, counsel

12  will be given access to that report.

13           The government has filed no objections to the

14  presentence report.  The defendant has filed a position with

15  respect to a number of points in the report to which he

16  objects.

17      So, I think, Mr. Misko, what we will do maybe is

18  just hear from you one at a time and have the government

19  respond each time.

20      MR. MISKO:  Your Honor, if I may, prior to today's

21  sentencing hearing, Mr. Trabold and I had productive

22  discussions and, as such, we would be withdrawing the

23  objections as filed in this matter upon agreement with the

24  U.S. Attorney's Office that they would not seek a two-level

25  increase pursuant to U.S.S.G. 2B1.1(b)(9)(C)(i).

3

1      That would, in effect, Your Honor, decrease

2  Mr. Duck's overall offense level from a ten to an eight.

3      THE COURT:  Okay.

4      MR. MISKO:  Is that correct, Mr. Trabold?

5      MR. TRABOLD:  That's correct, Your Honor.

6      THE COURT:  So, on that basis, you're withdrawing

7  everything else?

8      MR. MISKO:  Yes, Your Honor.

9      THE COURT:  Then --

10      MR. MISKO: Your Honor, actually I guess there

11 would be no difference between us making that agreement and

12 the Court accepting the one objection which I believe

13 outlines the two-level decrease.

14      THE COURT: Well, I'll accept it as a stipulation.

15 That avoids me having to make a ruling.

16      MR. MISKO: Thank you, Your Honor.

17      THE COURT: And on that basis, then the offense

18 level here is an eight, the criminal history category is

19 Roman numeral V and the applicable guideline range would be

20 fifteen to twenty-one months of imprisonment, supervised

21 release of two to three years, probation of no more than

22 three years and a fine in the range of $1,000.00 to

23 $10,000.00, restitution of $1,217.00 and a special assessment

24 of $100.00.

25      At this time, Mr. Misko, is there anything you wish

4

1 to say or introduce any testimony in behalf of your client?

2      MR. MISKO: Your Honor, no testimony. Just a brief

3 statement on behalf of Mr. Duck.

4          Your Honor, this offense, as indicated, carries a

5   sentencing range of fifteen to twenty-one months and we would

6   ask that the Court sentence Mr. Duck at the low range of that

7   period of fifteen months, given the facts in this case which

8   indicate he was not as culpable as co-defendant who is

9   responsible for the theft of the mail.  That would have been

10  Tracy Lamar Steele.

11          Mr. Duck has acknowledged his responsibility in the

12  theft of the mail and that's why he's entered a plea of

13  guilty to Count 1 of the indictment.

14          So, we would ask the Court to sentence Mr. Duck at

15  the low end of the range of fifteen months.  We feel that

16  that would be sufficient for punishment purposes

17  notwithstanding whatever have period of time the Court

18  imposes on supervised release.

19          In addition, Your Honor we would ask that the Court

20  waive a fine in this case.  Mr. Duck has eight children and

21  has arrearages probably in excess of $30,000 he owes, which

22  will be another reason to incarcerate him for fifteen months

23  versus a longer period of time.  He's finally back to work.

24  He has been working at a business washing dishes and doing

25  whatever he can to make a dollar in order to pay the support.

1    I don't know how cross the Court of Common Pleas of

2  Erie County is going to be that the support is going to stop

3  after he is incarcerated, but they are going to have to deal

4  with that based on his actions in this case.

5    Additionally, Your Honor, I would ask the Court to

6  allow Mr. Duck to self-report to FCI McKean.  He has

7  essentially showed up to all his Court appearances before

8  this Court and promises that when the Bureau of Prisons gives

9  the call that he would report as necessary.

10   That's all I have, Your Honor.

11   THE COURT:  Mr. Duck, is there anything you wish to

12  say on your own behalf?

13   MR. DUCK:  Yes, Your Honor.  I'm sorry for my

14  mishaps in this case.  I didn't know what was going on in my

15  involvement.  I just assumed that it happened.

16   I would hope that the Court would make it possible

17  for leniency for me.

18   THE COURT:  Thank you.  Mr. Trabold.

19   MR. TRABOLD:  Your Honor, I would agree with

20  counsel that clearly in this case, Mr. Steele was the primary

21  actor, the person primarily responsible.  But, I have to say

22  I take exception to Mr. Duck's comment that he really didn't

23  know what was going on.

24           THE COURT:  I am having trouble hearing you.

25           MR. TRABOLD:  I would take exception to Mr. Duck's

                                    6

1  comments that he didn't really know what was happening.  I

2  think the record disputes that and contradicts that.

3           But, I would leave the sentence in this case

4  obviously to your discretion.

5           THE COURT:  Thank you.  Well, I mean, just through

6  the years you have just shown a great deal of

7  irresponsibility, Mr. Duck, and it looks like you are trying

8  to push blame onto others when you should be willing to

9  accept it yourself.

10          I see you got eight children by seven different

11  women and you're only twenty-nine years old and not

12  supporting any of these kids.  You have the nineteen jobs in

13  ten years according to the report.

14          And you have been in trouble -- in and out of

15  trouble since you were thirteen years old.  I don't know who

16  you can blame for that except yourself.

17         I will recommend that Mr. Duck be placed at FCI

18  McKean, but I have no control over where the Bureau of

19  Prisons will assign him, but I will be willing to make that

20  recommendation.

21         Mr. Misko, there is any reason sentence should not

22  be imposed at this time?

23         MR. MISKO:  No, Your Honor, there is not.

24         THE COURT:  Mr. Duck, is there any reason sentence

25  should not be imposed at this time?

                                7

1          MR. DUCK:  No.  None, Your Honor.

2          THE COURT:  Mr. Trabold?

3          MR. TRABOLD:  No, Your Honor.

4          THE COURT:  Pursuant to the Sentencing Reform Act

5  of 1984, it's the judgment of the Court that the defendant,

6  Curtis LeShawn Duck, is hereby committed to the custody of

7  the Bureau of Prisons to be imprisoned for a term of eighteen

8  months.

9     It is further ordered that the defendant shall make

10   restitution to the Social Security Administration, attention

11   Dennis Vecht, V-e-c-h-t, 2-A-10 East Highrise, 6401 Security

12   Boulevard, Baltimore, Maryland, 21235, in the amount of

13   $1,217.00 to be paid jointly and severally with Tracy Steele

14   and Twanda Davis.  Restitution should be made to the Social

15   Security Administration, as I just indicated.

16          The Court finds that the defendant does not have

17   the ability to pay interest on the restitution.  The Court

18   will waive the interest requirement in this case.  The

19   defendant shall make restitution payments through his

20   participation in the United States Bureau of Prisons Inmate

21   Financial Responsibility Program through which fifty percent

22   of his prison salary shall be applied to restitution.

23          The defendant shall notify the United States

24   Attorney for this district within thirty days of any change

25   of mailing or residence address that occurs while any portion

8

1   of the restitution remains unpaid.

2          Upon release from imprisonment, the defendant shall

3   be placed on supervised release for a term of three years.

4  Within seventy-two hours of release from the custody of the

5  Bureau of Prisons, the defendant shall report in person to

6  the Probation Office in the district to which he is released.

7       While on supervised release, the defendant shall

8  not commit another federal, state or local crime, shall

9  comply with the standard conditions that have been

10  recommended by the Sentencing Commission and adopted by this

11  Court, shall also comply with the following additional

12  conditions:

13       The defendant shall not illegally possess a

14  controlled substances.  The defendant shall not possess a

15  firearm or destructive device.  The defendant shall

16  participate in a program of testing and, if necessary,

17  treatment for substance abuse as directed by the Probation

18  Officer until such time as the defendant is released from the

19  program by the Probation Officer.

20       Further, the defendant shall be required to

21  contribute to the cost of services for any such treatment in

22  an amount determined by the Probation Officer but not to

23  exceed the actual cost.  The defendant shall submit to one

24  drug urinalysis within fifteen days after being placed on

1   thereafter.

2         The defendant shall not possess, purchase or use

3   alcoholic beverages.  The defendant shall comply with support

4   orders issued by the Erie County Office of Domestic

5   Relations.

6         In addition, the defendant shall abide by any

7   payment schedule set by the Erie County Office of Domestic

8   Relations.

9         The defendant shall be gainfully employed.  If the

10  defendant is unemployed for more than thirty consecutive

11  days, the defendant shall be required to perform community

12  service hours at a weekly rate to be determined by the

13  Probation Officer but not to exceed twenty-four hours per

14  week.

15        It is further ordered that the defendant shall pay

16  to the United States a special assessment of $100.00, which

17  shall be paid to the U.S. District Court Clerk forthwith.

18        The Court finds that the defendant does not have

19  the ability to pay a fine.  The Court will waive a fine in

20  this case.

21      The sentence of eighteen months, we believe, will

22  adequately address the sentencing objectives of individual

23  and general deterrence and punishment as well as protection

24  of the community.

25      Mr. Duck, you have a right to appeal. An appeal

10

1  must be filed within ten days. You are entitled to a lawyer

2  at every stage of the proceedings. If you cannot afford an

3  attorney, one will be provided for you without charge.

4       I think Count 7 is to be dismissed, Mr. Trabold?

5       MR. TRABOLD: Correct, Your Honor. The government

6  would move for the dismissal of Count 7 as it relates to

7  Mr. Duck.

8       THE COURT: We will grant that motion.

9       Mr. Duck, do I have your word that you will show up

10  as directed by the Bureau of Prisons at whatever date and

11  time they say? If I were to release you today, will you give

12  me your word on that that you will report as directed by

13  them?

14     MR. DUCK:  Yes.

15  (Court adjourned on Monday, June 9, 2003, at 2:50 p.m.)

16

17                * * * * *

18      I certify that the forgoing is a correct transcript

19  from the record of proceedings in the above-entitled matter.

20

21                  S/
                Michael D. Powers
22               Official Reporter

23     *****NOT CERTIFIED WITHOUT ORIGINAL SIGNATURE*****

24

25