IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| )      v.               ) | Criminal No. 02-19E |
| ) | |
| CURTIS LASHAWN DUCK      ) | |
| ) | |

**MOTION FOR MODIFICATION OF CONDITIONS OF
SUPERVISED RELEASE**

    AND NOW, come the defendant, Curtis Lashawn Duck, by his attorney, Assistant Federal Public Defender Renee Pietropaolo, and files this Motion for Modification of Conditions of Supervised Release. In support counsel states:

    1.   On August 8, 2005, the Honorable Maurice B. Cohill revoked Curtis Lashawn Duck's term of supervised release based on his positive drug tests for cocaine and imposed a seven month sentence of incarceration. Upon his release from the custody of the Bureau of Prisons, he was sentenced to be immediately placed at the Community Corrections Center located in Pittsburgh, Pennsylvania for a period of six months. The Court further sentenced him to a term of 29 months supervised release.

    2.   Mr. Duck files the instant Motion to Modify Conditions of Supervised Release pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1 and asks this Court to replace the previously imposed six month sentence to the CCC with six months of home confinement.

    3.   United States Probation Officer David Conde has no

objection to the Court's granting this motion as long as Mr. Duck has obtained a verifiable job.

    4.   Mr. Duck has obtained a job through a temporary employment agency, Labor Ready, 1228 French Street, Erie, Pennsylvania 16501, (814) 459-0840. Undersigned counsel has spoken with an employee there who confirms that Mr. Duck started working March 23, 2006 at Performance Casting as a laborer/"grinder". This job has no scheduled end date and could result in an offer of permanent full-time employment.

    Thus, Mr. Duck can begin paying restitution immediately.

    5.   Should Mr. Duck be sent to the CCC in Pittsburgh, he will not be able to work at Performance Casting. Restitution payments would be delayed pending his removal from Erie to the CCC in Pittsburgh and pending his obtaining a new job. Additionally, the CCC will take 25% of Mr. Duck's earnings, further reducing the amount available for restitution payments.

    6.   While on home confinement, Mr. Duck would reside at 1322 West 31st Street, Erie, Pennsylvania 16508 with his girlfriend Lisa Cannon. The phone number at that residence is (814) 864-6304.

    7.   Mr. Duck states that he has contacted Solutions, a drug treatment agency in Erie, about attending treatment programs there while on home confinement. In the meantime, he has been attending one-hour group counseling at Holy Trinity Church in Erie one to two times per week.

    While incarcerated at FCI Allenwood, Mr. Duck began the 40-hour drug treatment program, attending weekly.  He states that his admission into that program was delayed because he was on a waiting list and that he was therefore unable to complete the program before his release.  He also participated in an AA/NA support group that is offered one day a week for inmates serious about their recovery.   Exhibit A.

    WHEREFORE, for the foregoing reasons, Curtis Lashawn Duck respectfully requests that his Motion for Modification of Conditions of Supervised Release be granted and that he be placed on home confinement for a period of six months instead of sent to the CCC in Pittsburgh for six months.

                                  Respectfully submitted,

                                  */s/ Renee Pietropaolo*  
                                  Renee Pietropaolo  
                                  Assistant Federal Public Defender  
                                  Attorney Pa. I.D. No. 72887