Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

JUL - 3 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**U.S.A. vs. CURTIS LASHAWN DUCK**          Docket No. 02-00019-002 ERIE

### Petition on Supervised Release

      COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CURTIS LASHAWN DUCK, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 8th day of August 2005, who fixed the period of supervision at 29 months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant, upon release from custody of the Bureau of Prisons, is to be immediately placed at the Community Correction Center, located in Pittsburgh, Pennsylvania, for a period of 6 months.
- All conditions and special conditions as originally imposed by the Court on June 9, 2003, are reimposed.

Original conditions of supervision imposed by Judge Cohill on June 9, 2003, at sentencing:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm.
- The defendant shall participate in a program of testing and treatment for substance abuse as directed by the Probation Office, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, not to exceed the actual costs. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.
- The defendant shall not possess, purchase, or use alcoholic beverages.
- The defendant shall comply with all support orders issued by the Erie County Office of Domestic Relations. In addition, the defendant shall abide by any payment schedule set by the Erie County Office of Domestic Relations.
- The defendant shall be gainfully employed. If the defendant is unemployed for more than 30 consecutive days, the defendant shall be required to perform community service hours at a weekly rate to be determined by the probation officer, not to exceed 24 hours per week.
- The defendant shall make restitution in the amount of $1,217 to the Social Security Administration, to be paid jointly and severally with Tracy Steele and Twanda Davis.
- The defendant shall pay a special assessment of $100.

| Date | |
|---|---|
| 06-09-03: | Conspiracy to Defraud the United States; original sentence, Judge Cohill, Erie, Pennsylvania, 18 months' custody of the Bureau of Prisons, to be followed by 3 years' supervised release. |
| 11-19-04: | Released to supervision. |
| 05-09-05: | Petition signed Chief Judge Ambrose; Releasee placed on home detention for 90 days. |
| 08-08-05: | Revocation hearing Judge Cohill; Supervised release revoked and sentenced to 7 months' custody of the Bureau of Prisons and 29 months' supervised release. Conditions previously imposed remain in effect. |
| 03-07-06: | Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde. |
| 03-27-06: | Order, Judge Cohill' supervision conditions modified to home confinement for 6 months instead of CCC placement for 6 months. |
| 04-05-06: | Order of March 27, 2006, vacated by Judge Cohill; original condition of 6 months' CCC placement reimposed. |

U.S.A. vs. CURTIS LASHAWN DUCK
Docket No. 02-00019-002 ERIE
Page 2

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that Mr. Duck was ordered by the Court to pay $1,217 in restitution to the Social Security Administration. The rate of payment of restitution is 10 percent of the releasee's gross monthly income. Mr. Duck has paid $95 as of June 26, 2008. However, a balance of $716 remains as a result of payments made by his codefendants. Mr. Duck has been sporadically employed, and his ability to make payments have been affected by medical problems and court ordered child support. At this time, Mr. Duck does not have the ability to pay the balance of the restitution in full by the expiration of his term of supervised release on August 6, 2008.

PRAYING THAT THE COURT WILL ORDER that the term of supervised release imposed at Criminal No. 02-0019-002 ERIE be allowed to expire as scheduled with the restitution due and owing and the case be closed.

### ORDER OF COURT

Considered and ordered this _____ day of _____ , 20 \_\_\_\_ and ordered filed and made a part of the records in the above case.

_____
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 3, 2008

_David J. Conde_
David J. Conde
Senior U.S. Probation Officer

_Stephen A. Lowers_
Stephen A. Lowers
Supervising U.S. Probation Officer

Place:   Erie, PA.